Booth, Chief Justice,
delivered the opinion of the court: The plaintiff files a motion to consolidate judgments in this case. The case was decided by the court on June 10, 1929, and on that date it was held that as to one item of plaintiff’s claim a reasonable recovery would be $35,000. The remaining issues revolve around an asserted infringement of patent rights, and as to this issue the court decided as stated in its opinion in 68 C. Cls. 301, 309, et seq. The case was then remanded to a Commissioner to take proof as to the damages for such infringements. Proof was adduced and on January 17, 1936, the Commissioner found the plaintiff was entitled to recover the sum of $266,400.10, with interest *10 thereon, at the rate of six per centum per annum as stated in said report. November 9, 1936, the court awarded plaintiff a judgment for the sum stated in the Commissioner’s report. The court was not aware at the time that the sum of $35,000 previously awarded the plaintiff was not included in said judgment as it should have been, and therefore the motion to consolidate the judgments is allowed and the former judgments of the court set aside and a new judgment this date entered, which will include the sum of $35,000.
In addition to seeking a consolidation of judgments, the plaintiff contends for interest upon the $35,000, and cites in support thereof the case of the Barrett Co. v. United States, 273 U. S. 227. The case is inapposite. In the Barrett case the contract was canceled under the provisions of the act of June 15, 1917, 40 Stat. 183, authorizing the exertion of such authority by the Government. There was no provision in the Barrett contract authorizing the Government to cancel or terminate the same, as there is in the instant case. The termination or cancellation of the plaintiff’s contract was strictly in accord with a stipulated right to do so, conditioned only upon a just and fair settlement of any loss the contractor suffered if the contract was so terminated. This court found that the Government was within its rights in terminating the contract and that $35,000 constituted a just and fair settlement for any damages suffered by the contractor. Under the act of June 15,1917, supra, the contract in effect was taken by the Government, and a judgment for just compensation was provided for in the act, and under the authorities, too familiar to cite, the plaintiff was entitled not to interest as such but as a part of just compensation sufficient to compensate for the property loss sustained.
We do not need to refer to motions for new trials and to amend findings which were disposed of before the entry of final judgment in this case.
The defendant’s motion for new trial and for additional special findings is overruled.
Finding LIII is vacated and withdrawn and a new finding LIII is now filed reading as follows :
The court finds as an ultimate fact that plaintiff’s rights as defined in claims 1, 2, 3, 4, 5, 6, 15, 16, and 17 of Patent No. 1305186 were valid and infringed by *11 the Government in its manufacture of star shells after May 27, 1919, and prior to May 1922; and that plaintiff’s rights as defined by claims 8; 9, 10, and 11 of the same patent were valid and infringed from May 27, 1919, to May 1922 and thereafter. Claim 18 of this patent was not infringed.
Plaintiff’s right as defined by claim 8 of Patent No. 1305188 is valid and has been infringed from May 27, 1919, and subsequent to May 1922.
Claim 3 of this patent is invalid.
The United States has an implied license under patents 1381445 and 1305187.
This we do to comply with the decision of the Supreme Court in the Esnault-Pelterie case, 299 U. S. 201.
The judgment of this court rendered on November 9, 1936, is hereby set aside and a new judgment this date awarded the plaintiff as follows:
For infringement of patent rights, as stated in the Commissioner’s report, $266,400.10 with interest at six per centum per annum from January 1, 1920, on the amounts and for the periods as shown in the following table until January 1, 1929, and thereafter interest at the rate of six per centum per annum on the sum of $266,400.10 until payment of the judgment:

The plaintiff is also awarded judgment for $35,000 making a total judgment for the principal sum of three hundred one thousand, four hundred dollars and ten cents ($301,-400.10) with interest on $266,400.10 as stated above. It is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Green, Judge, concur.