Littleton, Judge,
delivered the opinion of the court:
The present case involves only an accounting for the determination of reasonable and entire compensation during the period January 1,1929, to May 27,1936, for the infringement or unauthorized use by the defendant of certain patents of the plaintiff. Compensation was determined and judgment therefor entered, 84 C. Cls. 1, from the issuance of the patents May 27, 1919, to December 31, 1928, the end of the former accounting period.
Certain of the claims of the patents in suit were held by the court to be valid and infringed in 68 C. Cls. 301 and 73 C. Cls. 379. Thereupon the case was referred to a commissioner of the court for the taking of proof and the making of a report on accounting for the determination of the reasonable and entire compensation for the use of its patents by the government. The accounting period with respect to which proof was introduced in the former - case extended to December 31, 1928.
The patents involved were used by the government without the consent or license of the plaintiff continuously from the date of their issuance to date of expiration on May 27, 1936; and the present suit, instituted December 28, 1934, is for an accounting to recover compensation for the remaining term of the patents subsequent to December 31, 1928, the right to which was determined and adjudged in the opinion, supra, in the former case, No. 34680.
In the former case the court, upon consideration of the evidence submitted and the contention of the parties, determined and held that the compensation to which plaintiff was entitled for the use of its inventions was a reasonable royalty measured by a percentage of the appropriate factory cost of manufacturing the infringing articles and, upon all the facts and circumstances, the court established and *291 adjudged that a fair and reasonable royalty was T% percent, less certain deductions, of the applicable factory cost of production of the regular service shells manufactured at the Baldwin plant. Various theories relating to damages, such as loss of profits, etc., were urged by plaintiff in the former accounting, but the court rejected them and adopted the “factory cost” as the just, fair, and equitable basis for the computation of reasonable compensation to be measured by a reasonable royalty. The court determined and adjudged that a fair and reasonable royalty from the defendant to plaintiff for the use by the former of plaintiff’s inventions was 7% percent and entered judgment for that royalty on the number of infringing shells and the applicable cost of production thereof to December 31, 1928, the end of the proof for accounting in that case. This judgment was in the principal amount of $266,400.10, together with an additional amount of $70,807.86 as a part of entire compensation measured by 6 percent interest, totaling $337,207.46.
By applying the rule adjudged and followed by the court in the former case as to the proper factory cost and as to what was a fair and reasonable royalty, both of which we think are here just and fair, the plaintiff is entitled to recover as reasonable and entire compensation the principal sum of $99,951.94 which, with a reasonable addition of $47,875.67, measured by a reasonable rate of interest to date of judgment, totals $147,827.61. We are of opinion that a reasonable rate of interest during this accounting period is 5 percent.
In the former decision of the court on accounting in case 34680, the court determined that proper factory cost to which the reasonable royalty rate should be applied included labor, materials, and factory overhead, including the cost of administering the Baldwin plant for the entire accounting period, but excluding cost of shell bodies and time fuses and further excluding all Navy Department general administration expense in connection with the manufacture of star shells. The deductions from the 7% percent reasonable royalty were one-tenth of such royalty by reason *292 of the free license under two of the patents and 5 percent of such royalty as a fair and reasonable apportionment of royalty in respect to certain multiple parachute claims of one of the patents, the structures of which were used for a limited time. In the present case factory costs have likewise been determined by the same method and exclusions and deductions have been made for the same reasons, and this shows a proper factory cost of $1,567,873.59 for the 118,841 regular service shells manufactured during the present accounting period. See findings 9 to 12, inclusive. Applying this basic theory or policy of determining factory cost of production, the court found in the former case that the factory cost for the period there involved was $4,075,239.36 for 192,427 regular service shells. See finding 15. Had the accounting period in the former case extended to May 27, 1936, the expiration date of the patents, instead of ending at December 31, 1928, on the proof submitted in that case, the proper and applicable factory-cost figure of $4,075,239.36 would merely have been increased by the amount of $1,567,-873.59, as shown by finding 12 herein, and the royalty of 7y2 percent there determined to be a fair and reasonable rate of royalty would merely have been applied to the sum of $5,643,112.95 instead of to the factory costs from May 1919, to December 31, 1928. Inasmuch, however, as the present accounting results from the filing of a new petition, the factory costs for the period now under consideration must be considered separately and the fair and reasonable royalty percentage applied thereto.
Plaintiff argues that inasmuch as the royalty of 7y2 percent as applied to the factory cost determined in case 34680 for the period from commencement of operations in May 1919, to December 31, 1928, figured $1.35 per shell, that amount of $1.35 should be allowed for the 118,841 shells manufactured by defendant during the present period. We do not agree. The court did not determine that $1.35 per shell was the proper measure of compensation from defendant for a non-exclusive license to use the inventions. We followed the rule usually adopted by courts, as well as patentees and licensees, of arriving at *293 a reasonable royalty on cost of production.' It is only natural to suppose that factory costs will decrease somewhat as methods of manufacture improve and production increases. Upon the record in this case we think 7y2 percent is a fair and reasonable royalty for the present accounting. Under finding's 1 to 25, inclusive, plaintiff is entitled to -judgment for $147,827.61.
Plaintiff argues that the factory cost in the case at bar should include an item of $69,463.35, representing “pay and allowances” of officers and enlisted men of the Navy, which was an expense excluded in the former case as a part of the administration expense of the Navy and has likewise been excluded from the applicable factory costs in the present case, for the same reason, under the heading “Officers and Enlisted Men.” We find no justification in the case at bar for inclusion of this item in the cost to which the royalty should be applied.
In addition to the evidence submitted as to the proper factory costs for the period involved, including the information submitted by the Navy Department pursuant to a call made by plaintiff and allowed by the court, which information was submitted and received in evidence as plaintiff’s exhibit 1, and upon all of which the court has made findings of fact, Nos. 1 to 25, inclusive, the plaintiff submitted two additional exhibits, Nos. 2 and 3, in an attempt to establish higher factory costs from the annual reports of the Paymaster General of the Navy for the fiscal years 1929 to 1936, inclusive. The facts in connection with these exhibits, 2 and 3, have been analyzed in findings 26 to 34, inclusive. This analysis shows that the computations contained in these exhibits do not justify a finding of a greater factory cost than has been set forth by the court in finding 12.
Judgment will be entered in favor of plaintiff for $147,-827.61 with interest on $99,951.94 from June 1, 1942, until paid at 5 percent per annum, not as interest but as a reasonable amount necessary to be added in order to make entire compensation under the rule announced in Waite v. United States, 282 U. S. 508, 509. It is so ordered.
*294 MaddeN, Judge; JoNes, Judge; and Whalet, Chief Justice, concur.
WhitakeR, Judge, took no part in'the decision of this case.